**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FRANCES ROLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-124-GKF-FHM |
| | ) | |
| CANCER TREATMENT CENTERS OF AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Motion to Dismiss [Docket #13] of defendant Cancer Treatment Centers of America, Inc. ("CTCA"), the Motion to to Set Evidentiary Hearing [Docket # 24] filed by plaintiff Frances Rollins ("Rollins"), and Rollins' Motion to File Response [Surreply] to Defendant's Reply Brief [Docket # 25].

This is an employment discrimination suit. In the first paragraph of her Complaint, Rollins alleges that "the Plaintiff was an employee of the Defendant."

In its Motion to Dismiss, CTCA says it "is not, and never has been Plaintiff's employer." CTCA attaches to its Motion to Dismiss certain "matters outside the pleading" which the Court has considered. Thus, the motion "shall be treated as one for summary judgment and disposed of as provided in [FED. R. CIV. P. 56] and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FED. R. CIV. P. 12(b). "[A] motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) cannot be converted into a summary judgment motion without notice and an opportunity for the parties to present relevant evidence." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). "The required notice may be actual or

constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice." *Id.* Failure to give notice is not reversible error if a party files its own evidentiary materials in response. *Id.* In this case, Rollins submitted evidentiary materials in response to CTCA's motion, and the Court has considered them. The Court therefore concludes that Rollins has received sufficient constructive notice and that it is proper to treat CTCA's motion as one for summary judgment.

CTCA submits the affidavit of its Vice President, General Counsel and Secretary that "CTCA does not operate a cancer treatment hospital in Tulsa, Oklahoma" and that an affiliated Oklahoma corporation – Southwestern Regional Medical Center – was Rollins' employer. CTCA also submits the written employment "offer letter" to Rollins, which Rollins signed in acceptance thereof. The "offer letter" is more ambiguous, in that it: (1) is on the letterhead of "Cancer Treatment Centers of America at Southwestern Regional Medical Center;" (2) "confirm[s] the verbal offer of employment with Cancer Treatment Centers of America at Southwestern Regional Medical Center;" (3) states that "employment at Southwestern Regional Medical Center is contingent upon a criminal history check;" and (4) states that the author was "confident that you will find your association with Southwestern Regional Medical Center to be a very rewarding experience." In response, Rollins submits her W-2 forms for 2005 and 2006, which show her employer to be "CANCER TREATMENT CENTERS OF AMERICA." In reply, CTCA attaches pages from its website in support of its position that "[p]hysically, CTCA is a network of cancer treatment hospitals and facilities" and that "Southwestern Regional Medical Center" is the facility in Tulsa, Oklahoma. CTCA states in its reply, without evidentiary support, that CTCA is "the common paymaster for many employees of the network of cancer treatment hospitals and facilities" and that

"[t]he federal employer identification number on the W-2 is not CTCA's federal employer identification number."

Upon review of the briefs and evidentiary materials submitted to date by the parties, the Court concludes that a genuine issue of material fact remains at this juncture relative to the identity of Rollins' employer.

Plaintiff's Motion to Set Evidentiary Hearing [Docket # 24] is denied.

Plaintiff's Motion to File Response [Surreply] to Defendant's Reply Brief [Docket #25] is denied. Typically, if a movant attaches new evidentiary material to a reply brief, the district court has two permissible courses of action. It can either permit a surreply or, in granting summary judgment for the movant, it could refrain from relying on any new material contained in the reply brief. *Doebele v. Sprint/United Management Co.,* 342 F.3d 1117, 1139 n.13 (10th Cir. 2003). In view of the Court's ruling on CTCA's motion, it is unnecessary to permit a surreply.

**WHEREFORE** the defendant's Motion to Dismiss [Docket #13], having been converted to a motion for summary judgment, is denied; the plaintiff's Motion to Set Evidentiary Hearing [Docket # 24] is denied; and plaintiff's Motion to File Response to Defendant's Reply Brief [Docket # 25] is denied.

**IT IS SO ORDERED** this 9th day of August 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma